IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CV-72-FL

| | | |
|---|---|---|
| JAMES ROBERT GILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff James Robert Gill ("plaintiff") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner")[1] denying his application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on the grounds that he is not disabled.[2] The case is before the court on the respective parties' motions for judgment on the pleadings. (D.E. 20, 24). Each party filed a memorandum in support of its motion (D.E. 22, 25). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Minute Entry after D.E. 25). For the reasons set forth below, it will be recommended that the Commissioner's motion be allowed, plaintiff's motion be denied, and the decision of the Commissioner be affirmed.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court substitutes Carolyn W. Colvin for former defendant Michael J. Astrue. *See* Fed. R. Civ. P 25(d).

[2] The statutes and regulations applicable to disability determinations for DIB and SSI are in most respects the same. The provisions relating to DIB are found in 42 U.S.C. subch. II, §§ 401, *et seq.* and 20 C.F.R. pt. 404, and those relating to SSI in 42 U.S.C. subch. XVI, §§ 1381, *et seq.* and 20 C.F.R. pt. 416.

## I. BACKGROUND

### A. Case History

Plaintiff filed applications for DIB and SSI on 16 March 2009, alleging a disability onset date of 17 March 2009. Transcript of Proceedings ("Tr."), *e.g.*, 12. The applications were denied initially and upon reconsideration, and a request for hearing was timely filed. Tr., *e.g.*, 12. On 14 December 2010, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 25-48. In a written decision dated 4 January 2011, the ALJ found that plaintiff was not disabled and therefore not entitled to DIB or SSI. Tr. 12-21. Plaintiff timely requested review by the Appeals Council. Tr. 7-8. The Appeals Council admitted additional evidence, but denied the request for review on 26 January 2012 without making any supporting findings.[3] Tr. 1-3. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff commenced this proceeding for judicial review on 23 March 2012, pursuant to 42 U.S.C. §§ 405(g) (DIB) and 1383(c)(3) (SSI). (*See* Compl. (D.E. 1)).

### B. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual

---

[3] The Appeals Council stated:

> In looking at your case, we considered the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

Tr. 1-2.

shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); *see* 42 U.S.C. § 1382c(a)(3)(B). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509 for DIB and § 416.909 for SSI], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### C. Findings of the ALJ

Plaintiff was 39 years old on the alleged onset date of disability and 41 years old on the date of the administrative hearing. Tr. 19 ¶ 7; 33. He has a high school education. Tr. 19 ¶ 8. His past work includes employment as a forklift operator, machine operator, lumber racker, sweeper, and stores laborer. Tr. 19 ¶ 6; 30-31.

Applying the five-step analysis of 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Tr. 14 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: right knee osteoarthritis and obesity. Tr. 14 ¶ 3; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. Tr. 15 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform less than the full range of light work. Light work involves lifting up to 20 pounds occasionally and lifting and carrying 10 pounds frequently. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b); *see also Dictionary of*

*Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) ("DOT"), app. C § IV, def. of "L-Light Work," http://www.oalj.dol.gov/libdot.htm (last visited 4 Mar. 2013).[4] The specific limitations were that plaintiff could "stand, walk, and sit for 6 hours in an 8-hour day"; required an option to sit or stand; and could do no climbing. Tr. 15 ¶ 5. Based on this RFC, the ALJ found at step four that plaintiff was not capable of performing his past relevant work. Tr. 19 ¶ 6. At step five, the ALJ accepted the testimony of a vocational expert ("VE") and found that there were jobs in the national economy existing in significant numbers that plaintiff could perform, including jobs in the occupations of assembler, quality control examiner, and parts packer. Tr. 19-20 ¶ 10. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 20 ¶ 11.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

---

[4] "Light work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. §§ 404.1567, 416.967.

5
Case 7:12-cv-00072-FL   Document 26   Filed 03/04/13   Page 5 of 19

Where, as here, the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, "the court must 'review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the Secretary's findings.'" *Felts v. Astrue*, No. 1:11CV00054, 2012 WL 1836280, at *1 (W.D. Va. 19 May 2012) (quoting *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Remand is required if the court concludes that the Commissioner's decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. *Id.* at *1-2 (holding that Commissioner's decision implicitly determining claimant not to have a severe mental impairment and failing to consider the effect of any such impairment on his ability to work was not supported by substantial evidence in light of additional evidence of claimant's depression admitted by Appeals Council, and remanding case to Commissioner for further proceedings).

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible

without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Overview of Plaintiff's Contentions

Plaintiff alleges reversible error with respect to three principal aspects of the Commissioner's decision: the Appeals Council's denial of review, the ALJ's RFC determination, and the hypothetical the ALJ gave the VE. Each alleged error is addressed in turn below.

### C. Appeals Council's Denial of Review

#### 1. Appeals Council's Denial as Unreviewable

Plaintiff submitted to the Appeals Council for the first time and it admitted into evidence three exhibits: a report on an office visit by plaintiff on 10 June 2011 with orthopedic physician's assistant Michael E. Dilello, PA-C, ATC-L[5] dated 10 June 2011 (Tr. 263-65); a letter dated 29 June 2011 by plaintiff's primary care physician Beverly Lessane, M.D. addressed to "Whom It May Concern" (Tr. 260); and another letter from Dr. Lessane addressed the same way dated 17 August 2011 (Tr. 268). Plaintiff contends that these exhibits comprised new and material evidence under 20 C.F.R. §§ 404.970(b), 416.1470(b), particularly with respect to the condition of his left knee, and that these regulations therefore required the Appeals Council to review the ALJ's decision and specifically his finding that plaintiff's left knee arthritis was not a severe impairment. Plaintiff argues that the Appeals Council erred by both denying review and not making findings supporting the denial. Neither ground has merit.

The Appeals Council's denial of review is not reviewable in this court because the denial is nonfinal agency action. *See* 20 C.F.R. §§ 404.981, 416.1481; 42 U.S.C. § 405(g) (permitting appeals of "any final decision of the Commissioner"); *see also Calvey v. Astrue,* No. CV 12–

---

[5] "ATC-L" means licensed certified athletic trainer.

0472–JPR, 2013 WL 180033, at *3 (C.D. Cal. 17 Jan. 2013) ("The Court '[does] not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action.'") (quoting *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012)); *Barnes v. Astrue,* No. 12-29-JBC, 2013 WL 66216, at *4 (E.D. Ky. 4 Jan. 2013). Instead, the Appeals Council's denial of review rendered the ALJ's decision the final decision of the Commissioner, and it is that decision which is now before the court. *See* 20 C.F.R. §§ 404.981, 416.1481; 42 U.S.C. § 405(g); *see also Calvey*, 2013 WL 180033, at *3; *Barnes,* 2013 WL 66216, at *4.

Moreover, the Appeals Council is not required to make specific findings of fact or explain its rationale for its denial of a request for review. *Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir. 2011) ("[N]othing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review."); *Green v. Astrue,* No. 4:11–1817–RMG, 2013 WL 267626, at *2 (D.S.C. 24 Jan. 2013) ("The Social Security Regulations do not require the Appeals Council expressly to weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ. Instead, the regulations require only that the Appeals Council make a decision whether to review the case, and, if it chooses not to grant review, there is no express requirement that the Appeals Council weigh and reconcile the newly produced evidence.") (citing *Meyer*, 662 F.3d at 705-06). Although plaintiff relies on the decision in *Harmon v. Apfel*, 103 F. Supp. 2d 869, 872 (D.S.C. 2000) to support his contention that findings by the Appeals Council were required, the court believes that that decision is inconsistent with Fourth Circuit precedent and not good law. *See King v. Barnhart*, 415 F. Supp. 2d 607, 610-11 (E.D.N.C. 2005) (rejecting *Harmon* and holding that "a per se rule that remand is necessary in all cases where the Appeals Council admits new

evidence without a detailed assessment . . . is not supported either by 20 C.F.R. § 404.970 or by Fourth Circuit precedent"). Plaintiff's contention that the Appeals Council's failure to make specific findings constitutes reversible error is therefore meritless.

## 2. ALJ's Determination regarding Plaintiff's Left Knee was Proper

While plaintiff's challenge to the Appeals Council's action is not reviewable, plaintiff's contention does bring before this court the issue whether the ALJ erred in finding the condition of his left knee not to be a severe impairment. The court finds no error.

An impairment is deemed severe if it "significantly limits . . . [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "[A]n impairment can be considered as not severe only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal quotation marks omitted). "'A determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (i.e., the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairment(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities.'" *Barnett v. Astrue*, No. 3:10–cv–1316, 2012 WL 75046, at *21 (S.D. W. Va. 10 Jan. 2012) (quoting Soc. Sec. R. 96-3p, 1996 WL 374181, at *2 (2 Jul. 1996)).

At the hearing, plaintiff testified that arthritis of his left knee was, in effect, a disabling impairment:

> Q All right. Now, what parts of your body are affected by the arthritis?
> A Right and left knee, my arms, and my hands.
> Q And, tell me what effect it has on your knees. What does it feel like?
> A Somebody with a drill, constant, drilling.

Q Now, when you say constantly, do you mean all the time?
    A Yes, sir.

Tr. 34-35.

In his decision, the ALJ clearly explained why he did not fully credit plaintiff's allegations:

> In terms of the claimant's alleged left knee, hand and arm arthritis, there is no medical evidence of record to support his allegations. Treatment records specifically note that the claimant denied any pain other than in his right knee between February 2009 and April 2009 (Exhibit 3F). While the lack of objective verification of the claimant's complaints has been relied on in part in determining that the claimant's allegations regarding his functional limitations and pain are not fully credible, it has only been one factor in such a determination and has been viewed in conjunction with the claimant's inconsistent subjective complaints, activities of daily living, and treatment findings.

Tr. 18 ¶ 5.

Substantial evidence supports this finding. This evidence includes notes of six visits by plaintiff with David R. Allen, M.D., the orthopedist who treated plaintiff's right knee between 20 February and 14 April 2009. Tr. 216, 228. These notes indicate that plaintiff had no pain or effusion noted in his left knee and that the left knee had a full range of motion. Tr. 216, 218, 220, 222, 224, 228. These notes all specifically mention that plaintiff stated his pain was localized to the right knee. Tr. 216, 218, 220, 222, 224, 226.

Similarly, two consulting nonexamining Disability Determination Services ("DDS")[6] physicians, William Frystak, M.D. and Robert Gardner, M.D., completed physical RFC assessment forms on 15 July 2009 (Tr. 230-37) and 4 November 2009 (Tr. 241-48), respectively. In support of his determination that plaintiff could perform light work, Dr. Frystak found that plaintiff's complaints of biltateral knee pain were inconsistent with the medical evidence of

---

[6] The Disability Determination Services is a North Carolina state agency that makes decisions on applications for disability under the Social Security program. *See* N.C. Div. of Vocational Rehab. Serv., http://www.ncdhhs.gov/dvrs/pwd/dds.htm (last visited 4 Mar. 2013).

record. Tr. 237. Dr. Gardner recited and apparently relied on this finding in his assessment, which also found plaintiff capable of light work. Tr. 248. The ALJ accorded Dr. Frystak's and Dr. Gardner's opinions "great weight," finding them generally consistent with the weight of the evidence of record. Tr. 18 ¶ 5.

The additional exhibits submitted by plaintiff to the Appeals Council do not preclude the determination that substantial evidence supports the ALJ's finding regarding plaintiff's left knee. None of the exhibits relates directly to the period of alleged disability at issue before the ALJ. Instead, they concern plaintiff's condition between five and seven months after the ALJ's decision.[7]

The 29 June 2011 letter by Dr. Lessane states that plaintiff "has significant degenerative joint disease and related pain in joints in his lower extremities." Tr. 260. The letter also states the opinion that plaintiff "is unable to work at this time." Tr. 260. The letter includes no explanatory findings, laboratory test results, or medical records supporting these determinations. There is no indication that Dr. Lessane even examined plaintiff on the date of the letter. This lack of a supporting explanation and evidence diminishes the weight to which the opinions would otherwise be entitled. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3); Soc. Sec. R. 96-2p, 1996 WL 374188, at *2 (2 Jul. 1996). As the Fourth Circuit has held, while opinions of a physician must be given controlling weight under certain circumstances, "if a physician's opinion is not supported by clinical evidence . . . it should be accorded significantly less weight." *Craig*, 76 F.3d at 590.

---

[7] For this reason, the exhibits arguably were not required to be considered by the Appeals Council under 20 C.F.R. §§ 404.970(b), 416.1470(b). These regulations provide that "the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b).

11

Case 7:12-cv-00072-FL   Document 26   Filed 03/04/13   Page 11 of 19

It is also well established that the inconsistency of a physician's opinion with substantial evidence diminishes the weight to which it is entitled. *Craig*, 76 F.3d at 590; 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4); Soc. Sec. R. 96-2p, 1996 WL 374188, at *2. Dr. Lessane's opinions are, of course, inconsistent with the substantial evidence that plaintiff does not have a severe impairment of his left knee.

Although the letter states that plaintiff has been seen in Dr. Lessane's office for several years, no records of any such visits appear in the record. There is therefore no documentation that Dr. Lessane had an extended relationship with plaintiff, which could otherwise lend weight to her opinions because of the longitudinal view such a relationship can provide. *See* 20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i). Lastly, the opinion that plaintiff is disabled is one reserved to the Commissioner and is not entitled to special weight because of its source. 20 C.F.R. §§ 404.1527(e)(1), (3), 416.927(e)(1), (3).

In a similar vein, the 17 August 2011 letter by Dr. Lessane states that plaintiff has "chronic pain in lower extremities" and "considerable difficulty in mobility secondary to[] pain . . . in both lower extremities." Tr. 268. The letter also states the opinion that plaintiff "is unable to work at this time." Tr. 268. Notably, the letter does not even identify the medical condition causing the alleged pain. While the letter indicates that Dr. Lessane saw plaintiff on the date of the letter, like the 29 June 2011 letter, this letter provides no supporting findings, test results, or records, and is inconsistent with substantial evidence of record. As indicated, the opinion that plaintiff is disabled is not entitled to any special weight based on its source.

Plaintiff's 10 June 2011 visit with P.A. Dilello—over five months after the ALJ's decision—was apparently his first and only visit of record with P.A. Dilello, depriving him of a longitudinal perspective which tends to lend weight to an opinion. *See* 20 C.F.R. §§

404.1527(d)(2)(i), 416.927(d)(2)(i); *see also* Soc. Sec. R. 06-03p, 2006 WL 2329939, at *4-5 (9 Aug. 2006) (providing that same factors used to determine the weight to be accorded the opinions of physicians not given controlling weight apply to the opinions of nonphysician providers such as physician's assistants). In his report, P.A. Dilello records plaintiff's complaint of bilateral knee pain and his representation that he has been injected in both knees several times. Tr. 263. Notably, the most recent injections were purportedly "greater than 2 years ago." Tr. 263. Notwithstanding these representations, there appear to be no records in this proceeding documenting the alleged prior injections in the left knee. Although x-rays showed plaintiff to have degenerative arthritis in both knees, plaintiff also had a full range of motion. Tr. 264. P.A. Dilello's injections of both knees brought "[e]arly relief." Tr. 264. "If a symptom can be reasonably controlled by medication or treatment, it not disabling." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). And, of course, the opinions of a physician's assistant are generally accorded less weight than those of a physician. *See* Soc. Sec. R. 06-03p, 2006 WL 2329939, at *4-5; *see also* 20 C.F.R. §§ 404.1513(d), 416.913(d).

The court concludes that the ALJ committed no error in finding plaintiff not to have a severe impairment of his left knee. The court accordingly rejects this challenge to the ALJ's decision.

### D.   ALJ's RFC Determination

#### 1.   Limitation of Workday to Six Hours

Plaintiff challenges the ALJ's RFC determination on two grounds. Neither has merit.

Plaintiff alleges, first, that the ALJ's RFC determination is erroneous on its face because it limits plaintiff to a workday of only six hours, whereas a person must have the ability to do work activity for eight hours a day in order to be considered able to work. *See Hines v.*

*Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006) ("[RFC is] an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.") (quoting Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *2 (2 Jul. 1996)). Plaintiff's contention is based on the ALJ's finding that he can "stand, walk, and sit for 6 hours in an 8-hour day." Tr. 15 ¶ 5. Plaintiff interprets this finding to mean that the total amount of time he can perform any combination of standing, walking, or sitting in an eight-hour workday is six hours.

The court finds plaintiff's interpretation unreasonable when considered in the overall context of the ALJ's decision, as it must be. *See Lydia v. Astrue*, No. 2:11–1453–DCN–BHH, 2012 WL 3304107, at *5 (D.S.C. 25 Jul. 2012) (mag. judge's rep. & recommendation) ("This sort of deconstruction of the ALJ's decisions is not useful. The ALJ's decision must be read as a whole."), *adopted*, 2012 WL 3308108 (13 Aug. 2012); *Finley v. Astrue*, No. 5:08–CV–209–D(1), 2009 WL 2489264, at *5 (E.D.N.C. 8 Jul. 2009) (mag. judge's mem. & recommendation) ("[T]he ALJ's decision may appropriately be read 'as a whole.'") (quoting *Jones v. Barnhart*, 364 F.3d 501, 504–05 (3rd Cir. 2004)), *accepted*, 2009 WL 2489264, at *1 (13 Aug. 2009). The most basic aspect of the context here is that the ALJ found that plaintiff was not disabled. The ALJ therefore obviously believed his finding regarding plaintiff's ability to walk, stand, and sit to be consistent with his being able to work. If the ALJ had intended the meaning plaintiff advances, the ALJ would have been compelled to find that plaintiff was disabled.

The ALJ's intended meaning is also evident from his specific finding that plaintiff could do light work, which he noted several times in his decision. Tr. 15 ¶ 5; 19 ¶ 5; 20 ¶ 10. Light work can "require walking or standing to a significant degree." DOT, app. C § IV, def. of "L-

Light Work." Had the ALJ believed, as plaintiff alleges, that he could not work an eight-hour workday, he would not have found plaintiff able to do light work.

Insight into the specific meaning the ALJ intended is found in the ALJ's findings regarding the physical RFC assessment forms completed by Dr. Frystak and Dr. Gardner. Both physicians checked the boxes in the form indicating that plaintiff could "[s]tand and/or walk (with normal breaks) for a total of . . . about 6 hours in an 8-hour workday" and "[s]it (with normal breaks) for a total of . . . about 6 hours in an 8-hour workday." Tr. 231, 242. These findings clearly indicate that plaintiff could stand, walk, and sit for a combined total of at least eight hours in a workday. In his decision, the ALJ gave these opinions great weight and characterized them as indicating that plaintiff could "stand, walk, and sit for 6 hours in an 8-hour day." Tr. 18 ¶ 5. Notably, this is exactly the same language that the ALJ used in his RFC determination and that plaintiff challenges as indicating that plaintiff could work only six hours. *See* Tr. 15 ¶ 5 ("[T]he claimant is able to . . . stand, walk, and sit for 6 hours in an 8-hour day."). Thus, by this phrase, the ALJ appears to have meant specifically that plaintiff could walk or stand for up to six hours and could also sit for up to six hours in an eight-hour workday. As so construed, this finding is, of course, consistent with work at the light exertional level, which, again, requires "walking or standing to a significant degree." DOT, app. C § IV, def. of "L-Light Work"; *see also* Soc. Sec. Ruling 83-10, 1983 WL 31251, at *6 (1983) ("Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."). For this and the other reasons stated, plaintiff's challenge to the ALJ's RFC determination based on the number of hours plaintiff could work is meritless.

### 2. Lack of Time Interval for Sit/Stand Option

Plaintiff's other challenge to the RFC determination is that it fails to include a specific time limit on plaintiff's walking, standing, and sitting before he must change position. Instead, the ALJ found simply that plaintiff "requires the option to sit or stand." Tr. 15 ¶ 5.

The reasonable inference from the ALJ's finding is that plaintiff could change position at his own volition. *Wright v. Astrue,* No. 1:09CV0003, 2012 WL 182167, at * 8 (M.D.N.C. 23 Jan. 2012) (mag. judge's mem. & recommendation) ("[I]n the case of a Plaintiff with an RFC for light work with a sit/stand limitation, 'although the ALJ failed to specify the frequency that the claimant needed to change his sit/stand option, the reasonable implication of the ALJ's description was that the sit/stand option was at the claimant's own volition.'") (quoting *Vallejo v. Astrue*, No. 3:10cv445, 2011 WL 4595259, at *8–10 (W.D.N.C. 4 Aug. 2011)). Further, the VE testified that the jobs he found plaintiff able to perform would accommodate a change of position every 30 to 45 minutes. Tr. 45. Although the VE also testified that if intervals less than 30 minutes apart were required plaintiff could not perform this work (Tr. 45), plaintiff has not pointed to any medical evidence showing that he required a change of position with that frequency.

The court concludes that the ALJ committed no error with respect to the frequency of plaintiff's need to exercise the sit/stand option. The court finds no other error in the ALJ's RFC determination; it is supported by substantial evidence and based on proper legal standards. Plaintiff's challenge to the ALJ's RFC determination therefore fails.

### E. ALJ's Hypothetical to the VE

The ALJ provided the VE the following hypothetical to describe plaintiff:

Assume that you have a person 39 to 41 years of age, with a twelfth grade education with past work experience as a forklift operator, machine operator,

lumber wrapper, sweeper, and stores laborer and that person would be limited to light work with no climbing, light within the medium[8] of Dictionary of Occupational Titles and *occasional sitting*, primarily walking and standing. Lifting occasionally up to 20 pounds frequently and ten pounds.[9] But, in this instance, the person would require an option to sit or stand and there would be no climbing.

Tr. 43-44 (emphasis added).

The VE testified that there were three occupations, each offering thousands of jobs, available to such a hypothetical person and the ALJ adopted this testimony in finding these jobs available to plaintiff. Plaintiff alleges several errors in the hypothetical, but the court finds that none have merit.

He alleges first that the hypothetical was erroneous because it did not limit plaintiff to a six-hour workday, as plaintiff contends the ALJ found in his RFC determination. As discussed, however, the ALJ included no such limitation in his RFC. Accordingly, there was no error in excluding it from the hypothetical. A hypothetical question is proper if, as here, it adequately reflects a claimant's RFC for which the ALJ had sufficient evidence. *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

Plaintiff also argues that the hypothetical was erroneous for not specifying the required interval between changes of position by plaintiff. Again, though, because the ALJ did not have to include any such interval in his RFC determination, his exclusion of it from the hypothetical was not error. *See id.*

Plaintiff also contends that the hypothetical was improper because it included the requirement for "occasional sitting" (Tr. 44), whereas the RFC contained no such requirement. This discrepancy, though, is harmless because the hypothetical was more restrictive than the

---

[8] The intended word would appear to be "meaning" in lieu of "medium."

[9] The "and" and "frequently" appear to be transposed.

RFC.  In effect, the VE found that plaintiff had work available to him even if he were more limited than the ALJ found him to be.  As one court has stated, "[i]f the VE determines that work exists in the national economy that the hypothetical claimant, whose limitations are more severe than those of the actual claimant, could perform, the Court believes this is further support for a finding of non-disability."  *Johnson v. Astrue,* No. 2:08–CV–51, 2009 WL 413299, at *23 (N.D. W. Va. 18 Feb. 2009); *see also Thomason v. Astrue,* No. TMD 08–3403, 2012 WL 707003, at *3 (D. Md. 2 Mar. 2012) ("Based on this hypothetical, the VE indeed testified as to various jobs Claimant could perform.  In fact, the ALJ's hypothetical was even more restrictive . . . .  Nevertheless, the VE testified as to several types of jobs Claimant could perform . . . .  Accordingly, the ALJ's reference to seemingly less restrictive limitations is harmless.") (internal citations omitted).

The court concludes that none of plaintiff's challenges to the hypothetical to the ALJ have merit.  This final challenge by plaintiff to the ALJ's decision should therefore be rejected.

### III. CONCLUSION

After careful consideration of the ALJ's decision, the court concludes that it is supported by substantial evidence of record and based on proper legal standards.  IT IS THEREFORE RECOMMENDED that the Commissioner's motion (D.E. 24) for judgment on the pleadings be ALLOWED, plaintiff's motion (D.E. 20) for judgment on the pleadings be DENIED, and the final decision of the Commissioner be AFFIRMED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 18 March 2013 to file written objections.  Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except

18

Case 7:12-cv-00072-FL   Document 26   Filed 03/04/13   Page 18 of 19

upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This, the 4th day of March 2013.

_____
James E. Gates
United States Magistrate Judge