IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:12-CV-72-FL

| | |
|---|---|
| JAMES R. GILL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 20, 24).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, issued memorandum and recommendation ("M&R") wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed (DE 26). Plaintiff timely filed objections to the M&R to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") on March 16, 2009, alleging disability beginning March 17, 2009. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision issued January 4, 2011. On January 26, 2012, the Appeals Council denied plaintiff's request for review, rendering the ALJ's determination defendant's final decision. Plaintiff filed complaint in this court on March 23, 2012, for review of the final administrative decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005);

2

Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: right knee osteoarthritis and obesity. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with some physical limitations. The ALJ then determined that plaintiff did not have the RFC to perform under the requirements of his past relevant work. However, at step five, the ALJ determined that plaintiff is capable of adjusting to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

3

B.  Analysis

Plaintiff objects to the M&R on the following grounds: (1) the assessment of the ALJ's finding that plaintiff can "stand, walk, and sit for 6 hours in an 8-hour day;" and (2) the assessment of the ALJ's RFC determination that plaintiff can perform light work with some limitations.

As to plaintiff's first objection, the ALJ found as part of the RFC determination that plaintiff could perform light work over the course of an eight-hour workday. R. 15. Plaintiff argues that the ALJ simultaneously undermined that determination by asserting plaintiff could only sit, stand, and walk for a total of six hours. The M&R, which the court adopts herein, explains that the ALJ relied upon the findings of physicians which indicated that plaintiff could *both* stand or walk for a total of about six hours *and* sit for about six hours. M&R 15; R. 231, 242. This is consistent with the ALJ's finding that plaintiff could work. R. 15, 19-20. Therefore, plaintiff's first objection is overruled.

Plaintiff's second objection is that the RFC was not proper because the vocational expert's and plaintiff's opinions were not properly weighed. An individual's RFC is defined as that capacity which an individual possesses despite the limitations caused by his physical or mental impairments. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC assessment is based on all relevant medical and other evidence in the record and can include a plaintiff's own description of his limitations arising from certain symptoms. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). When a plaintiff has a number of impairments, including some deemed not severe, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); see Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989).

Plaintiff essentially asks the court to re-weigh certain evidence in the record to come to a different conclusion than the ALJ. However, that is not the court's role. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) ("[i]n reviewing and ALJ's finding for substantial evidence, [the court

4

should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary") (citing Craig, 76 F.3d at 589). Instead, the court looks to see if the ALJ misapplied the law or used an incorrect legal standard and if the magistrate judge erred in his review of the ALJ. Plaintiff's objection reveals no such error on the part of the ALJ or with respect to the M&R, and the court's *de novo* review similarly reveals none. To the contrary, the ALJ engaged in a thoughtful consideration of the entire record and the magistrate judge's analysis was similarly thorough. The substantial evidence in the entire record does not support plaintiff's subjective descriptions of his ability to sit and need to change positions between sitting and standing to the full extent plaintiff now asserts, and the RFC was properly assessed. Therefore, plaintiff's objections are overruled.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full (DE 26), DENIES plaintiff's motion for judgment on the pleadings (DE 20), GRANTS defendant's motion for judgment on the pleadings (DE 24), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED this the 29th day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge